IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS AQUINO, | ) | CASE NO. 1:08CV1808 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| TIMOTHY BRUNSMAN, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before the court is Thomas Aquino's ("Aquino") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 17, 2008.  Aquino is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Aquino*, Case Nos. CR-05-462688-A and CR-05-469861-A (Cuyahoga County 2005).  For the reasons set forth below, Aquino's petition should be dismissed.

I

The January 2005 term of the Cuyahoga County grand jury indicted Aquino on one count of rape, two counts of gross sexual imposition, and one count of kidnaping with a sexual motivation specification.  The May 2005 term of the Cuyahoga County grand jury indicted Aquino on five counts of rape, each with a sexually violent predator specification; two counts of kidnaping, each with a sexual motivation specification; one count of felonious assault with a sexual motivation specification; and one sexually violent predator

specification.  The trial court consolidated the two cases.

On April 26, 2006, Aquino pleaded guilty with the assistance of an interpreter to three counts of rape and stipulated to being a sexual predator.  On June 5, 2006, following a hearing, the court adjudicated Aquino to be a sexual predator.  The following day, after a hearing, the court denied Aquino's motion to withdraw his guilty plea.  The court memorialized its sentencing of Aquino on June 9, 2006.  It sentenced Aquino to three consecutive three-year terms.  An interpreter assisted Aquino at the sentencing hearing.

On April 24, 2007, Aquino, *pro se*, filed a notice of appeal of the denial of his motion to withdraw his guilty plea and his sentence and filed a motion for a delayed appeal. Aquino contended that he had told his retained appellate attorney to file a timely appeal, and the attorney had failed to do so.  On May 16, 2007, the state appellate court *sua sponte* dismissed Aquino's appeal without opinion.

Aquino filed a timely notice of appeal in the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Aquino asserted four propositions of law:

Proposition of Law No. I:

Where counsel agrees to timely appeal and fails to do so, and the appellant requests a delayed appeal within a reasonable time after discovering that the appeal was not filed, the court of appeals abuses its discretion in failing to permit a delayed appeal to proceed, which denied the appellant due process and equal protection access to appellate remedies.

Proposition of Law No. II:

Where counsel agrees to timely appeal and fails to do so, the appellant has been denied counsel under the Sixth and Fourteenth Amendments.

Proposition of Law No. III:

Where a pre-sentence motion to withdraw plea based upon assertions of actual innocence and ineffective counsel is arbitrarily denied, the defendant

2

is denied due process of law.

Proposition of Law No. IV:

> Where a sentence in a criminal case is enhanced beyond the statutory maximum by the imposition of consecutive sentences in the absence of any statutory authority to do so, the defendant's sentence is void and due process is violated.

On October 3, 2007 the Ohio Supreme court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On October 15, 2007, Aquino again moved the trial court to allow him to withdraw his guilty plea.  Aquino contended that he was confused in the proceedings against him because he did not understand English and he did not sign his plea agreement because he was innocent.  The trial court denied Aquino's motion without opinion on October 31, 2007.  Aquino did not appeal this decision.

Aquino filed in this court a petition for a writ of habeas corpus on July 18, 2008. Aquino asserts four grounds for relief in his petition:

> A. Ground one:  Petitioner was denied due process and equal protection access to available appellate remedies.

> A.  Ground two:  Petitioner was denied effective counsel where counsel agreed to file a timely appeal and failed to do so.

> A. Ground three:  Petitioner was deprived of procedural due process where the trial court refused to permit a pre-sentence withdrawal of guilty plea based on actual innocence.

> A. Ground four:  Petitioner was denied due process of law by the imposition of consecutive sentences, exceeding the statutory maximum, in the absence of statutory authority or subject matter jurisdiction to do so.

Respondent filed an Answer/Return of Writ on December 31, 2008.  Doc. No. 12.

Petitioner filed a Traverse on January 23, 2009.  Doc. No. 11.  Thus, the petition is ready

3

for decision.

II

*A.  Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Aquino.  Aquino

filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding

the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof,
> the district courts and any circuit judge within their respective jurisdictions. . . .
> Where an application for a writ of habeas corpus is made by a person in custody
> under the judgment and sentence of a State court of a State which contains two or
> more Federal judicial districts, the application may be filed in the district court for the
> district wherein such person is in custody or in the district court for the district within
> which the State court was held which convicted and sentenced him and each of
> such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Cuyahoga County is within this court's geographic jurisdiction.

This court has jurisdiction over Aquino's petition.

Respondent argues that Aquino's first and third grounds for relief are not cognizable

in habeas proceedings.  This is a challenge to the court's subject matter jurisdiction over

these claims.

Respondent argues, *inter alia*, that the court lacks jurisdiction to adjudicate Aquino's

first ground for relief because it alleges a constitutional violation in a collateral proceeding

and does not attack the judgment pursuant to which Aquino is held.  Aquino argues in his

first ground for relief that the state appellate court denied him due process and equal

protection when it failed to permit his delayed appeal.  A delayed appeal is not part of the

direct appeal process. *DiCenzi v. Rose*, 452 F.3d 844, 853 (6th Cir. 2007).  Consequently,

it is a collateral, post-conviction proceeding.  Habeas claims that challenge constitutional

4

errors committed in collateral, state post-conviction proceedings do not directly challenge the judgment pursuant to which the petitioner is in custody and are non-cognizable in federal habeas proceedings. *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986). Consequently, Aquino's first ground for relief is not cognizable in federal habeas proceedings and should be dismissed as beyond this court's subject matter jurisdiction.

Aquino argues in his third ground for relief that he was denied due process when the trial court denied his motion to withdraw his guilty plea. Respondent argues that the court lacks jurisdiction to adjudicate Aquino's third ground for relief because it raises no constitutional concerns, as there is no constitutional right to withdraw a guilty plea. Respondent is correct: The trial court did not violate due process by denying Aquino's motion to withdraw his guilty plea.

Federal courts generally do not grant habeas relief for alleged errors arising under state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, an error of state law may serve as a basis for habeas relief when the petitioner was denied fundamental fairness in the trial process. *Id.*; *see also Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). An error of state law so severe as to deny fundamental fairness offends the due process clauses of the Fifth and Fourteenth Amendments. *See United States v. Agurs*, 427 U.S. 97, 107 (1976); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a

5

fair tribunal is a basic requirement of due process.").

The government may violate fundamental fairness by denying either substantive or procedural due process. "Substantive due process" arises from the conviction that "governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed . . . ." *Pearson v. City of Grand Blanc*, 961 F.2d 1211 (6th Cir. 1992) (quoting Comment, *Developments in the Law--The Constitution and the Family,* 93 HARV. L. REV. 1156, 1166 (1980)). A governmental deprivation of life, liberty, or property may violate substantive due process in either of two ways. First, the due process clause of the Fourteenth Amendment "incorporates many of the specific protections defined in the Bill of Rights." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Thus, a violation of one of the rights incorporated by the due process clause is also a violation of substantive due process. Second, the due process clause protects the fundamental rights "'implicit in the concept of ordered liberty,'" *Roe v. Wade,* 410 U.S. 113, 152 (1973) (quoting *Palko v. Connecticut,* 302 U.S. 319, 325 (1937)), and "deeply rooted in this Nation's history and tradition[s]." *Moore v. City of East Cleveland,* 431 U.S. 494, 503 (1977). Such rights as rights to procreate, *Skinner v. Oklahoma,* 316 U.S. 535 (1942), to send one's children to a private school, *Pierce v. Society of Sisters,* 268 U.S. 510 (1925), to be free of certain forced intrusions into the body, *Rochin,* 342 U.S. 165, and the right to travel abroad, *Aptheker v. Secretary of State,* 378 U.S. 500 (1964), are examples of fundamental rights "'implicit in the concept of ordered liberty,'" Violations of substantive due process are deprivations of life, liberty, or property which are intolerable "regardless of the adequacy of the procedures employed" to enact them. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992) (quoting Comment, *Developments in the Law--The*

6

*Constitution and the Family,* 93 Harv. L. Rev. 1156, 1166 (1980)).

Aquino does not allege a violation of a right enumerated in the Bill of Rights, other than due process itself, or of any fundamental right implicit in the concept of ordered liberty. Thus, Aquino does not allege a violation of substantive due process.

Government action can also violate fundamental fairness by violating procedural due process.  "Procedural due process rules are meant to protect persons not from [a] deprivation, but from the mistaken or unjustified deprivation of life, liberty or property." *Carey v. Piphus,* 435 U.S. 247, 259 (1978).  A procedural due process claim asserts that state action has deprived the claimant of life, liberty, or property without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.") (quoting *Parratt v. Taylor,* 451 U.S. 527, 537 (1981)).

The trial court's denial of Aquino's motion to withdraw his guilty plea did not deprive Aquino of life, liberty, or property.  At the time of Aquino's motion to withdraw his guilty plea, he had already forfeited his liberty by pleading guilty.  Thus, denial of the motion did not deprive Aquino of liberty.  Moreover, because Ohio law does not confer a right to withdraw a guilty plea on defendants, the trial court did not deprive Aquino of any property interest by denying the motion to withdraw his plea.

The denial of Aquino's motion to withdraw his guilty plea did not violate either substantive or procedural due process.  Aquino's third ground for relief, therefore, involves issues of state law only.  As federal habeas courts may not grant relief for errors arising under state law, Aquino's third ground for relief is beyond this court's subject matter

7

jurisdiction.  For this reason, the court should dismiss that ground for relief.

B.  *Statute of Limitations*

Respondent argues that Aquino's petition is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The trial court denied Aquino's guilty plea on June 6, 2006 and entered judgment and sentence against Aquino on June 9, 2006.  Aquino had thirty days to file a notice of appeal and failed to do so.  Ohio App. R. 4(A).  Thus, the statutory period for filing a habeas petition began to run on July 10, 2006.  The clock ran for 287 days until Aquino filed in the state appellate court on April 24, 2007 his motion for a delayed appeal.  The statute of limitations was tolled until during the pendency of his appeals to the state appellate court and the Ohio Supreme Court, that is, October 3, 2007, when the Ohio Supreme Court denied Aquino leave to appeal.  The clock ran for 12 more days, for a total of 299 days, until Aquino filed in the trial court his motion to withdraw his guilty plea on October 15,

8

2007.  The statutory period was tolled until November 30, 2007, 30 days after the trial court denied Aquino's motion to withdraw his plea and the last day on which Aquino could have appealed that decision as of right.  Because he did not file an appeal, the clock began to run again on December 1, 2007.  The last day on which Aquino could have filed a timely habeas petition was February 4, 2008.  Aquino did not file his petition until July 18, 2008.  Aquino's petition, therefore, is untimely.

Aquino argues that the court should equitably toll the running of the statutory period.[1]  According to Aquino, he was removed from his place of incarceration on September 11, 2007 and transported to a holding facility in Cleveland, Ohio until about May 20, 2008.  Aquino attaches to his Traverse two documents from this court in support of his assertion.  One, the first page of a Criminal Trial Order, orders that trial in Aquino's case begin on November 26, 2007 and that a pre-trial be held on October 25, 2007.  The second, a memorialization of criminal judgment against Aquino is dated May 13, 2008.  During that time, Aquino asserts, he had no access to his personal property, including the legal files necessary to continue his litigation.  He asks, therefore, that the court equitably toll the running of the statutory period during this time.

―――――――――――――

[1]  The court's Supplemental Order of September 10, 2008 included the following:

If the respondent claims the petition is time-barred, he or she also shall brief the merits unless there is United States Supreme Court or Sixth Circuit precedent directly on point in support of his or her statute of limitations argument.  However, if the petitioner argues that the filing deadline should be excused, the respondent shall file a sur-reply, including all documents in support, within fourteen days of the filing of petitioner's traverse.

Doc. No. 7, p. 2.  Despite the court's order, respondent failed to file a sur-reply in response to Aquino's claim that the statutory period should be tolled.  Respondent has waived, therefore, all objections to Aquino's argument in favor of equitable tolling.

The statute of limitations at § 2244(d)(1) is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).  Federal courts considering a habeas petition toll the running of the statutory period sparingly and will not ordinary toll the statutory period absent compelling equitable considerations arising from circumstances beyond the petitioner's control.  *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003).  Courts may consider five factors in deciding whether to equitably toll the running of the statute:  "(1) the petitioner's lack of notice of the filing requirement;  (2) the petitioner's lack of constructive knowledge of the filing requirement;  (3) diligence in pursuing one's rights;  (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Dunlap*, 250 F.3d at 1008.

In the instant case, circumstances beyond Aquino's control apparently put serious obstacles in the way of his timely filing a habeas petition.  Of the five factors to be considered in deciding whether to toll the running of the statutory period, only two are relevant to Aquino's situation:  diligence and absence of prejudice.  Both argue in favor of equitable tolling.  Once Aquino was returned to prison, he filed his petition within two months, and the court discerns no prejudice to the state by granting equitable tolling.  For these reasons, then, the court should equitably toll the running of the statutory period from November 30, 2007, the last day on which Aquino could have appealed the denial of his motion to withdraw his guilty plea, through May 13, 2008, the last date on which evidence in the record indicates that Aquino was in Cleveland.  Tolling the statutory period in this manner makes Aquino's petition timely.

10

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Aquino's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity

11

between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted).  Because the exhaustion requirement is a matter of comity, not jurisdiction, a petition containing unexhausted claims may be denied on the merits.  28 U.S.C. § 2254(b)(2).

Respondent argues that Aquino's second ground for relief, that his attorney was ineffective for failing to file a direct appeal despite Aquino's instruction to do so, is unexhausted because Aquino still has available to him a petition for postconviction relief pursuant to Ohio Rev. Code §§ 2953.21 and 2953.53.  Aquino responds that a petition for postconviction relief is not the appropriate means by which to raise a claim of ineffective assistance of appellate counsel.  Both parties err.  A petition for postconviction relief is the proper means for raising Aquino's claim of ineeffective assistance of counsel and that remedy is exhausted.

When a defendant alleges ineffective assistance of appellate counsel due to error occurring before the appellate process begins, that claim should be raised by means of a petition for postconviction relief rather than by a motion pursuant to R. 5(A).  *State v. Cole*, 2 Ohio St.3d 112, 113-14, 443 N.E.2d 169, 171 (1982).  This is particularly true when the alleged ineffective assistance relies on evidence *dehors* the record for proof, as a petition

for postconviction relief is generally the postconviction remedy for claims requiring support *dehors* the record.  *See State v. Hester*, 45 Ohio St.2d 71, 76, 341 N.E.2d 304, 308 (1976); *State v. Smith*, 125 Ohio App.3d 342, 347-48, 708 N.E.2d 739, 742-43 (1997).  Aquino's attempt to raise this claim by way of a petition for a delayed appeal pursuant to R. 5(A) was not the appropriate means of raising a claim of ineffective assistance of appellate counsel due to errors occurring prior to initiating the appellate process.  *See discussion in Harding v. Russell*, 27 Fed. Appx. 372, 376-77, 2001 WL 1254823, *4-*5 (6th Cir. Oct. 11, 2001).

Aquino's second ground for relief is exhausted, however, because postconviction relief is no longer available to Aquino and was not available at the time he filed his petition. The requirement that state prisoners exhaust all available remedies "refers only to remedies still available at the time of the federal petition."  *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  At the time Aquino filed his federal petition, the remedy of postconviction relief was not available to him pursuant to Ohio Rev. Code § 2953.21 ("§ 2953.21") or pursuant to Ohio Rev. Code § 2953.23.

Section 2953.21(A)(2) requires petitioners for postconviction relief to file petitions within 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or . . . [i]f no appeal is taken, . . . no later than one hundred eighty days after the expiration of the time for filing the appeal." Aquino's conviction and sentence became final on June 9, 2006.  Aquino then had 30 days to file an appeal of that judgment.  Ohio App. R. 4(A).  After the 30 days had passed, Aquino had an additional 180 days to file a timely petition for postconviction relief pursuant to § 2953.21. Aquino filed his habeas petition on July 18, 2008.   Thus, at the time he filed his habeas petition, he was unable to file a timely petition for postconviction relief pursuant to §

13

2953.21.

Aquino was also unable to file a petition pursuant to § 2953.23 at the time he filed his habeas petition.  Section 2953.23(A) specifies the circumstances under which a court may hear a petition for postconviction relief that is not filed within the 180 day period specified in § 2953.21.  For a court to hear such a petition, both of the following must apply:[2]

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

Section 2953.23(A)(1).  If a petition is untimely pursuant to § 2953.21(A)(2) and does not comport with the requirements of § 2953.23(A), a trial court lacks jurisdiction to consider the petition.  *State v. Brown*, 2008 WL 434991, at *3 (Ohio App. Feb. 11, 2008); and *State v. Williamitis*, 2006 WL 1574844 (Ohio App. June 9, 2006); *State v. Melhado*, 2006 WL 328591, *5 (Ohio App. Feb. 14, 2006).

Aquino contends that he was unavoidably prevented from discovering that his attorney failed to file the requested appeal.  There are two problems with this.  First, Aquino does not explain what prevented him from discovery of that fact.  He concedes in his petition that he learned that no petition had been filed because "a friend look[ed] up the

---

[2] Section 2953.23(A)(2) also allows late petitions in the case of certain persons on whom DNA testing was performed.  That subsection has no application in the instant case.

14

docket on the internet . . . ."  Petition at 7.  Presumably, he could have asked his friend earlier to consult the docket.  He could also have requested a copy of the docket from the appellate clerk at any time and would have been told that no such case had been filed.  Thus, Aquino has failed to establish that anything "unavoidably prevented" him from discovering that his attorney had not filed an appeal.  This is particularly true as his supposed appellate attorney failed to respond to Aquino's inquiries, thus putting him on notice that something might be amiss.

Second, and more important, Aquino cannot demonstrate that he was unavoidably prevented from discovering that an appeal had not been filed because the facts that he pleads demonstrate that he *should* have discovered that no appeal had been filed in time to petition the trial court for postconviction relief.  Aquino asserts that he waited six months after the entry of judgment against him in the trial court before inquiring about the status of his supposed appeal.  Traverse at 4-5.  He concludes that because of this six-month wait, it was too late to file a timely petition for postconviction relief by the time he learned that his attorney had not filed an appeal.  Aquino's conclusion is erroneous, however.  He reaches this erroneous conclusion because he mistakenly believes that a petition for postconviction relief is due 180 days from the entry of judgment in the trial court.  Traverse at 4.  But, as has already been shown, when no direct appeal is filed, a petition for postconviction relief is due 210 days from the entry of judgment in the trial court, as the 180 day period for filing a petition for postconviction relief is not triggered until the 30 day period for filing a direct appeal has passed.  Consequently, when Aquino began inquiring about the status of his direct appeal, he still had approximately 30 days to file a timely petition for postconviction relief.  Aquino gives no explanation for why he did not learn that his attorney

15

had not filed an appeal and respond by filing a petition for postconviction relief within the month that remained for filing a timely petition.

Given the time that Aquino admits was available to him to file a petition for postconviction relief, Aquino cannot demonstrate that he was unavoidably prevented from discovering that his attorney failed to file an appeal.  Thus, at the time he filed his habeas petition, he could not have filed a timely petition for postconviction relief pursuant to § 2953.21 or a petition that comported with the requirements of § 2953.23(A).  For these reasons, Aquino's second ground for relief is exhausted but procedurally defaulted.

D.      Procedural default

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  A procedural default occurs when a petitioner had an opportunity to present his claims to the state courts and failed to take advantage of that opportunity.  *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003) (citing *Teague v. Lane,* 489 U.S. 288, 297-98 (1989)).

As was shown above, Aquino had an opportunity to present to the Ohio courts by way of a petition for postconviction relief his claim that his supposed appellate counsel was ineffective for failing to file an appeal.  Aquino failed to take advantage of that opportunity.

Consequently, this claim has been procedurally defaulted.

For these reasons, Aquino's claim of ineffective assistance of appellate counsel was not fairly presented to the Ohio courts.  It should be dismissed, therefore, as procedurally defaulted.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state

17

court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Williams, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).

Aquino asserts his fourth ground for relief that the trial court lacked jurisdiction to impose consecutive sentences on him.  Consequently, Aquino argues, the trial court's imposition of three consecutive sentences denied him due process.  Respondent denies that the trial court lacked jurisdiction to sentence Aquino to consecutive sentences.

When Aquino committed his crimes, Ohio Rev. Code § 2929.14 ("§ 2929.14") and § 2929.41 governed whether sentences were to be served concurrently or consecutively sentencing in Ohio.  Section 2929.41(A) provided that, except pursuant to § 2929.14(E) or in other circumstances not relevant here, multiple sentences were to be served concurrently.  Section 2929.14(E)(4) provided as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple

18

offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, imposing consecutive sentences on a defendant required the court to engage in judicial factfinding.

On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant. *Blakely*, 542 U.S. at 303. That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.

The judicial findings of fact required to sentence a defendant to consecutive sentences were the sort barred by *Blakely*. On February 27, 2006, in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court overturned §§ 2929.14(B) & 2929.41(E)(4) as unconstitutional in light of *Blakely*. *Foster* severed these unconstitutional portions of Ohio's sentencing statutes and preserved most of the

19

remainder of the statutes.  The Ohio Supreme Court held that the resulting statutes allowed a court to sentence a defendant to consecutive sentences without making judicial findings of fact.

In the instant case, the trial court sentenced Aquino to three consecutive terms of three years each.  Aquino argues that because the Ohio Constitution limits the jurisdiction of a common pleas court to that jurisdiction provided by law, because all crimes and sentences in Ohio are statutory, and because the severance of §§ 2929.14(B) & 2929.41(E)(4) eliminated all statutory authority to impose consecutive sentences on a defendant, the trial court exceeded its jurisdiction when it imposed consecutive sentences on him.  This, Aquino contends, violated due process.

There are two problems with Aquino's argument.  First, his argument is based entirely on an interpretation of Ohio law.  The final determiner of what Ohio law is and how it is to be interpreted is not the federal courts but the Ohio Supreme Court.  The Ohio Supreme Court held in *Foster* that severance of the unconstitutional portions of sentencing statute allowed a trial court to sentence a defendant to consecutive sentences.  This court is without authority to say that the Ohio Supreme Court erred in determining what Ohio law is.

Second, the Ohio Supreme Court's finding did not violate the federal constitution.  Generally, alleged violations of state law are not cognizable in habeas.  But "the Supreme Court has left room for the argument that a state-law error could, potentially, 'be sufficiently egregious to amount to a denial of . . . due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker,* 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris,* 465 U.S. 37, 41 (1984)).  The Ohio Supreme Court's holding that court's could

20

sentence defendants to consecutive sentences under the post-*Foster* statutes, however, did not violate due process.

Aquino's argument presumes that no provision in the sentencing statutes permits a trial court to impose consecutive sentences other than the severed §§ 2929.14(B) & 2929.41(E)(4).  But Ohio Rev. Code § 2929.12(A) ("§ 2929.12(A)") provides, "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."  This provides a defensible basis for permitting courts to sentence offenders to consecutive terms.  Thus, the Ohio Supreme Court's determination that the remaining statutes allowed a trial court to impose consecutive sentences is not "sufficiently egregious to amount to a denial of . . . due process of law . . . ."  Consequently, Aquino's fourth ground for relief, that the trial court's imposition of consecutive sentences violated due process, is without merit.  For these reasons, the court should dismiss Aquino's fourth ground for relief.

III

For the reasons given above, Aquino's petition for a writ of habeas corpus should be dismissed.


Date:  May 8, 2009                              */s/ Nancy A. Vecchiarelli*
                                                United States Magistrate Judge


**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the**

21

Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.